IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAUDE ADAMS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-1341 |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

_____

**Diamond, J.**                                                                                                         **March 2, 2005**

## MEMORANDUM

Plaintiff Claude Adams challenges the denial of his claim for Disability Insurance Benefits under Titles II and XVI of the Social Security Act.  See 42 U.S.C. §§ 401–433.  The Commissioner and Plaintiff have cross-moved for Summary Judgment.  I deny Plaintiff's Motion and grant Summary Judgment in favor of the Commissioner.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff Claude Adams is 49 years old, has at least a seventh grade education, and has worked as a material handler.  (Tr. 17, 20, 44–45, 76).  At the time of the administrative hearing, he lived with his seven-year old son.  (Tr. 43).

On September 22, 2002, Plaintiff applied for DIB and SSI, alleging that he had been disabled since March 20, 1999, due to high blood pressure, diabetes, obesity, and muscle and knee problems.  42 U.S.C. §§ 1381–83 (2004); (Tr. 16).  Following the denial of his applications,

1

Plaintiff requested a hearing before an Administrative Law Judge. On May 20, 2002, the ALJ held a hearing at which Plaintiff, his witness Lucille Adderly, and vocational expert Steve Gumerman testified. (Tr. 37–78). On September 20, 2002, the ALJ concluded that Plaintiff was not disabled, finding that he retained the ability to perform the full range of light work. (16–24). On January 18, 2005, the Appeals Council denied review of the ALJ's decision which, thus, became final. (Tr. 5–7).

Plaintiff filed suit in this Court on March 29, 2005. Pursuant to a procedural order, he and the Commissioner filed cross motions for summary judgment. The matter was referred to a Magistrate Judge, who has recommended that I deny Plaintiff's motion, grant the Commissioner's motion, and affirm the decision of the Commissioner denying benefits.

## STANDARD OF REVIEW

I may not review *de novo* the Commissioner's decision, nor may I re-weigh the evidence of record. Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). Rather, I must affirm the Commissioner's decision so long as it is supported by substantial evidence. See 42 U.S.C. §405(g); Montes v. Apfel, No. 99-2377, 2000 U.S. Dist. LEXIS 4030, at *2 (E.D. Pa. Mar. 27, 2000) (citing Richardson v. Perales, 402 U.S. 389, 401 (1972)).

Substantial evidence is "that which would be sufficient to allow a reasonable fact finder to reach the same conclusion; while it must exceed a scintilla, it need not reach a preponderance of the evidence." Id. at *2; see also Jesurum v. Sec'y of U.S. Dept. Of Health and Human Services, 48 F.3d 114, 117 (3d Cir. 1995). The ALJ must consider all relevant evidence in the record and provide some indication of the evidence she rejected and why she rejected it. See

Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).  If the ALJ's findings are supported by substantial evidence, then the District Court is bound by them even if the Court would have found different facts.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The extent of District Court review of a Magistrate Judge's Report is committed to the Court's discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa., 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  The District Court must review *de novo* those portions of the Report to which objection is made.  28 U.S.C. § 636 (b)(1)(c) (2004).  See generally Goney, 749 F.2d at 7.  The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## DISCUSSION

To prove disability, a claimant must show that (1) he is not currently engaged in "substantial gainful activity," as defined by the regulations, (2) he suffers from a "severe impairment," (3) his disability meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1, and (4) he does not have sufficient residual functional capacity to perform his past relevant work.  42 U.S.C. § 423(d)(2)(A) (2004); 20 C.F.R. § 404.1520(b)–(e).  The ALJ then considers a claimant's "ability to perform ('residual functional capacity'), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f).

Here, the ALJ found that although Plaintiff has not retained the residual functional capacity to perform his past relevant work as a material handler, "there are other jobs existing in significant numbers in the national economy that [he] can perform, consistent with his residual functional capacity, age, education, and work experience." (Tr. 22). The ALJ first rejected Plaintiff's claim that his obesity, hypertension, diabetes, hyperglycemia, sleep apnea, mental impairment, hand pain, and back pain qualified as "severe impairments." (Tr. 18–19). The ALJ then found that Plaintiff suffers from degenerative disease of the right shoulder and left knee, but that this impairment does not render Plaintiff disabled. Rather, the ALJ noted that "the limitations about which [Plaintiff] testified such as sitting no more than 15 minutes, not supported by medical records nor his demeanor and posture at the hearing." (Tr. 21). She also rejected the opinion of Plaintiff's treating physician, Dr. Bruce Williams, because it was "inconsistent with all of the essentially minimal or negative objective findings contained in his own records and in the entire file." (Tr. 21). Accordingly, the ALJ found that Plaintiff is not disabled.

The Magistrate concluded that the ALJ's findings were supported by substantial evidence. Plaintiff objects to the Report and Recommendation, arguing that the ALJ (1) improperly failed to consider Plaintiff's "severe impairments" of obesity and sleep apnea and (2) had a duty to contact Plaintiff's treating physician to clarify the basis of his medical assessment.

### I.      The ALJ's Severity Determination

The ALJ found that Plaintiff suffers from degenerative disease of the right shoulder and left knee, and that this severe impairment does not prevent him from performing jobs requiring

"light" or "sedentary" work. (Tr. 22). Plaintiff argues that substantial evidence also established that Plaintiff suffers from obesity and resulting sleep apnea. The ALJ found that neither of these complaints constituted "severe impairments." (Tr. 22).

A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521. An impairment is "not severe" if it is only a slight abnormality or a combination of slight abnormalities that has no more than a minimal effect on an individual's ability to perform basic work activities. Id.; SSR 96-3p. A determination of whether an impairment is severe is based solely on medical factors affecting a claimant's ability to perform basic work activities. Bowen, 482 U.S. at 141. Basic work activities are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). To be deemed disabled, an individual must demonstrate impairments resulting in physical or mental limitations. Plummer v. Apfel, 186 F.2d 422, 428 (3d Cir. 1999). This determination is reserved to the ALJ. 20 C.F.R. § 404.1527.

Substantial evidence supported the ALJ's findings regarding severe impairments. Though the record is clear that Plaintiff is obese, "there is no specific level of weight or B[ody] M[ass] I[ndex] that equates with a 'severe' or a 'not severe' impairment." See S.S.R. 02-1p, "Evaluation of Obesity." The ALJ observed that Plaintiff's weight had remained constant over a long period, including the many years when he worked without complications. (Tr. 18). In addition, Plaintiff presented no evidence that his obesity imposed functional limitations. Drs. Jerry Ginsburg and Muhammed I.A. Khan, who examined Plaintiff, each opined that he had no work-related physical limitations. (Tr. 238, 291). Plaintiff's own physical therapist stated that

Plaintiff required no assistive devices for walking or standing, as he was "fully weight bearing." (Tr. 278). The ALJ's decision that Plaintiff's obesity "imposes at most a slight abnormality with no more than a minimal effect on the claimant's ability to do basic work activities" is thus supported by substantial evidence. (Tr. 18).

As for his sleep apnea, the ALJ's findings are once again supported by substantial evidence. Although Plaintiff testified that he sometimes falls asleep during the day, the ALJ observed that he drives a car, was awarded sole custody of and cares for his then-seven-year-old son, and runs a household largely by himself. (Tr. 19–20). Moreover, Dr. Francis Cordova conducted a sleep study of Plaintiff and found that a CPAP device would effectively control Plaintiff's sleeping problems. (Tr. 282). As the ALJ noted, "were [Plaintiff] falling asleep without warning, [the doctor supervising the sleep study] would have been obliged to either advise him or authorities [that he should] terminate driving." (Tr. 19). Substantial evidence thus supported the ALJ's decision that plaintiff's sleep apnea is not a "severe impairment."

### III.    The ALJ's Obligation to Contact Plaintiff's Treating Physician

Plaintiff also argues that the ALJ had a duty to contact Dr. Williams to clarify his opinion before rejecting it. Social Security regulations provide that an ALJ is required to develop the record further only when "the evidence we receive from [a claimant's] treating physician is *inadequate* for us to determine whether [the claimant] is disabled." 20 C.F.R. 404.1512(e)(1) (emphasis added). Here, the ALJ found the record adequate to determine whether or not Plaintiff was disabled. Moreover, the ALJ noted that Plaintiff only saw his "treating physician," Dr. Williams, eight times in the course of two years. (Tr. 21). Accordingly, the law support's the

ALJ's decision not to seek clarification from Dr. Williams. <u>See</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (3d Cir. 2002) ("The requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability.").

## **CONCLUSION**

In sum, Plaintiff asks me to re-weigh evidence and change credibility determinations made by the ALJ.  Because I find substantial evidence supports the ALJ's factual determinations, I overrule Plaintiff's Objections and adopt the Report and Recommendation of the Magistrate Judge.

An appropriate Order follows.

/s Paul S. Diamond, J.

_____
PAUL S. DIAMOND, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAUDE ADAMS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 05-1341** |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

## ORDER

AND NOW, this 2nd day of March, 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), Defendant's Motion for Summary Judgment (Doc. No. 11), Magistrate Judge Peter B. Scuderi's Report and Recommendation (Doc. No. 14), Plaintiff's Objections (Doc. No. 15), and Defendant's Response (Doc. No. 17), it is hereby **ORDERED** that Magistrate Judge Scuderi's Report and Recommendation is **APPROVED and ADOPTED**.

The Motion for Summary Judgment of Defendant, Jo Ann Barnhart, Commissioner of the Social Security Administration, is **GRANTED**.

The Motion for Summary Judgment of Plaintiff, Claude Adams, is **DENIED**.

The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT

/s Paul S. Diamond, J.

_____

PAUL S. DIAMOND, J.